EASTERN DIS.
August, 1832.

HICKEY
vs.
DUPLANTIER
ET AL.

---

## HICKEY vs. DUPLANTIER ET AL.

APPEAL FROM THE THIRD JUDICIAL DISTRICT.

A decree of a competent tribunal assigning separate property to the wife, cannot be collaterally attacked for fraud and simulation.

The facts are stated in the opinion of the court, delivered by MATHEWS, J.

This suit is brought against Constance Duplantier, the widow of Armand Duplantier, and the heirs of the latter, to recover from the defendants a certain sum of money for which the plaintiff claims to make them responsible, the former for having intermeddled with the succession of her husband, and the latter on account of having assumed the character of heirs pure and simple of said succession.

The cause was submitted to a jury in the court below, who found a verdict for the plaintiff, and judgement being thereon rendered, the defendants appealed.

The record affords no evidence of the heirs having done any act by which they may be considered as having accepted the succession of their father absolutely; and as against them the plaintiff has made out no cause of action.

The acts of intermeddling on which the wife is sought to be made responsible for the debts of her husband as a partner in the matrimonial community, are the exercise of ownership in relation to property which appears at a former period to have belonged to her husband, and the holding possession of the property which they had used as common, during the existence of the marriage, without renouncing the community of acquests and gains, or doing any other act required by law to exonerate her from community debts.    To justify her conduct in this respect, she pleaded a separation of property from her husband anterior to his death, and that in consequence of this separation, a part of the property over which she exercised the rights of an owner, was assigned to her in a suit between her husband and his creditors, in which the former claimed and obtained the benefit of our insolvent laws, and that the other property had been regularly transferred to her as separated in relation to the community of goods from her husband.

In opposition to these means of defence, it is contended on the part of the plaintiff, that the decree of separation is absolutely null and void; and that the acts of transfer by which the wife acquired the property from her husband, are simulated and fraudulent, &c.    The separation was decreed by a

court of competent jurisdiction; but does not seem to have been followed by immediate execution and payment of the rights of the wife. Whether this decree ought to be considered as absolutely void or only voidable by proceedings to cause it to be annulled, instituted by persons interested in its nullity, we think the present case does not require us to decide. Long anterior to the institution of this suit, Mrs. Duplantier had appeared in *concurso* with the creditors of her husband as separated from him in property, and obtained a judgement of a competent tribunal by which a plantation and several slaves were decreed to her as her separate property, and in relation to her exercise of ownership and possession of this property, the acts of intermeddling are alleged to have been done. As to the property which she acquired from her husband by the transfers above alluded to, the conveyances by which she seems to have become owner should be first set aside by a suit for that purpose (if they be simulated and fraudulent) before it can be considered as a part of the succession of her husband, and made liable to the payment of his debts. .

The decree made in the *concurso* by which the plantation and slaves were set apart for the wife, may be considered, *pro tanto,* as an execution of the judgement of separation.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be avoided, reversed, and annulled; and it is further ordered, adjudged, and decreed, that judgement be here entered against the plaintiff and appellee as in case of nonsuit, with costs in both courts.